# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ANTHONY J. MARCANTONI, #20283-0179, | * | |
| Plaintiff | * | |
| v | * | Civil Action No. PX-18-134 |
| POLICE COMMISSIONER FREDERICK H. BEALEFELD, III, | * | |
| STATE'S ATTORNEY GREGG L. BERNSTEIN, | * | |
| DETECTIVE STEVEN SODD, DETECTIVE TOLAND, | * | |
| HARRIS CORPORATION, ATTORNEY STEVEN H. LEVIN, | * | |
| | * | |
| Defendants | | |
| | *** | |

## **MEMORANDUM OPINION**

The above-captioned civil rights Complaint was filed on January 12, 2018, along with a Motion to Proceed in Forma Pauperis, which shall be granted.

Plaintiff Anthony J. Marcantoni, an inmate at the Federal Prison Camp in Jesup, Georgia, was convicted of conspiracy to distribute and possess with intent to distribute 1000 kilograms or more of marijuana, in violation of 21 U.S.C. § 846, 21 U.S.C. § 853, and 18 U.S.C. § 982(a)(1), and is serving a term of 120 months of imprisonment. *See United States v. Nicka, et al.,* Criminal No. RWT-10-777 (D. Md.). Marcantoni seeks $10 million in damages against Defendants for their various roles in connection with his criminal case.

Marcantoni alleges that his constitutional rights were violated because law enforcement officials targeted him and obtained evidence without a warrant, using a technological device

known as a "Stingray."[1]  He further complains that law enforcement officials entered into a non-disclosure agreement with the company that provided the device, and that his attorney assisted in his prosecution by covering up knowledge that such a device was used against him.

The complaint must be dismissed without prejudice because Marcantoni has not yet successfully challenged his conviction and it remains valid.[2] In *Heck v. Humphrey*, 512 U.S. 477, 487 (1994), the Supreme Court held that claims challenging the legality of a conviction are not cognizable in a 42 U.S.C. § 1983 action unless and until the conviction is reversed, expunged, invalidated, or impugned and complaints containing such claims must therefore be dismissed without prejudice.  *See also Edwards v. Balisok*, 520 U.S. 641, 645 (1997) (*Heck* precludes claims that necessarily imply the invalidity of the judgment).  Litigation of this case would require consideration of matters that, if established as true, would undermine the validity of Marcantoni's underlying criminal conviction.  Thus, by separate Order which follows, the Complaint shall be dismissed without prejudice.[3]

---

[1] As noted by the trial court, a "Stingray" is a cell site simulator device that mimics a wireless carrier's base station or cell tower. Nearby wireless devices communicate and attempt to connect to the simulator as they would any nearby station. The simulator records the location and electronic identifying information of each wireless device and stores that information. *See* Jason M. Weinstein, William L. Drake, & Nicholas P. Silverman, *Privacy vs. Public Safety: Prosecuting and Defending Criminal Cases in the Post-Snowden Era*, 52 AM. CRIM. L. REV. 729, 741 (2015) (footnotes omitted), cited in *Marcantoni v. United States,* RWT-15-2194 (D. Md.), found in the criminal case at  ECF No. 1050, Mem. Op. filed July 15, 2016, n. 4.

The use of such technology is under examination by the Supreme Court. *See United States v. Carpenter,* 819 F.3d 880 (6th Cir. 2016), rehrg. en banc denied June 29, 2016, cert. granted, *Carpenter v. United States,* 137 S.Ct. 2211 (No. 16-402, June 5, 2017).

[2] Marcantoni argued the impropriety of the undisclosed use of the Stingray as one of three grounds presented on collateral review in his Motion to Vacate.  *See Marcantoni v. United States,* RWT-15-2194 (D. Md.).

[3] The Court need not consider at this juncture whether Marcantoni could proceed against the named Defendants, who may be immune from an award of damages.

| 1/29/18 | /S/ |
|---|---|
| Date | Paula Xinis |
| | United States District Judge |