# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

ANTHONY J. MARCANTONI, #20283-0179,  \*

Plaintiff  \*

v  \*   Civil Action No. PX-18-134

POLICE COMMISSIONER FREDERICK H.  \*
 BEALEFELD, III,
STATE'S ATTORNEY GREGG L.  \*
 BERNSTEIN,
DETECTIVE STEVEN SODD,  \*
DETECTIVE CHRISTOPHER TOLAND,[1]
 \*

Defendants

## MEMORANDUM OPINION

Plaintiff Anthony J. Marcantoni, an inmate at the Federal Prison Camp in Jesup, Georgia, was convicted of conspiracy to distribute and possess with intent to distribute marijuana and is serving a ten-year prison term. *See United States v. Nicka, et al.,* Criminal No. RWT-10-777 (D. Md. 2010). In this companion civil suit, Marcantoni asserts that law enforcement who investigated his criminal case violated his Fourth Amendment right to be free from warrantless searches and seizures by using "Stingray" technology to locate his cell phone within his home. ECF No. 1. This Court initially dismissed the Complaint in its entirety as barred pursuant to *Heck v. Humphrey,* 512 U.S. 477 (1994) because Marcantoni had not successfully challenged his guilty plea in the underlying criminal case. ECF No. 3. The United States Court of Appeals for the Fourth Circuit reversed, holding that *Heck* did not bar those claims which did not necessarily implicate the validity of the underlying criminal conviction. ECF No. 14-1. Because Marcantoni's claims

---

[1] The Clerk shall amend the docket to reflect Detective Toland's full name.

asserting Fourth Amendment violations from the use of the Stingray fell within this exception to *Heck*, the Fourth Circuit reversed this Court's decisions as to Defendants Toland, Sodd, Bernstein and Bealefeld, and affirmed the dismissal of all claims against the Harris Corporation (the Stingray manufacturer), and Steven Levin (Marcantoni's defense attorney) for independent reasons. *See Marcantoni v. Bealefeld, et al.,* No. 18-6340 (4th Cir. August 16, 2018) (unpublished), ECF No. 14-1.

Now pending before the Court is Defendants Bealefield and Bernstein's motions to dismiss. ECF Nos. 26, 37. Marcantoni opposes both motions. The Court has reviewed the pleadings and finds a hearing unnecessary. *See* Loc. R. 105.6 (D. Md. 2018). For the following reasons, the motions are granted.

**I.     Background**

The gravamen of Marcantoni claims concern the constitutionality of law enforcement's use of "Stingray" technology to track his cell phone in his home, which led to finding Marcantoni and other incriminating evidence that was eventually used to prosecute him for federal drug crimes. In this action, Marcantoni alleges that Bealefeld, as Chief of the Baltimore City Police Department, and Bernstein, as the Baltimore City State's Attorney, conspired to violate Marcantoni's constitutional rights because each, on behalf of the respective agencies, signed a non-disclosure agreement with the Federal Bureau of Investigations ("FBI") on July 13, 2011 before acquiring the Stingray technology. ECF No. 1-6, pp. 2-6. The agreement's terms specifically prohibit disclosing Harris as the supplier of the Stingray absent prior approval from the FBI. *Id.* at p. 3.

Defendant Bealefeld argues that the Complaint should be dismissed because the it sets forth no suggestion that he or the Baltimore City Police Department played any role in Marcantoni's

2

investigation or arrest. Further, Bealefeld correctly points out that Detectives Toland and Sodd were members of the Baltimore County Police Department, not the Baltimore City Police Department. Defendant Bernstein contends dismissal is warranted because he played no part in Marcantoni's investigation or arrest. Bernstein further points out that the non-disclosure agreement was signed five weeks after Marcantoni was indicted, and thus bears no relevance to Marcantoni's civil action.

Marcantoni does not refute Defendants' arguments. Instead, he maintains that the agreement affects "virtually every American Citizen [who was] the ultimate victims" of such activity, and thus the claims should proceed. ECF No. 42, p. 1; ECF No. 33, p. 3. Even when reading the Complaint most charitably to Marcantoni, the claims as to Bealefeld and Bernstein must fail.

## II. Standard of Review

A motion to dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the sufficiency of the Complaint. This Court accepts all well-pleaded allegations of the complaint as true and draws all inferences in the light most favorable to the plaintiff. *Venkatraman v. REI Sys., Inc.*, 417 F.3d 418, 420 (4th Cir. 2005) (citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)); *Ibarra v. United States,* 120 F.3d 472, 473 (4th Cir. 1997). "A formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). That said, a complaint need not include "detailed factual allegations" to survive a motion to dismiss. *Id.* at 555. "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id*. at 563.

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not 'show[n]' -- 'that the pleader is entitled to relief.'" *Id*. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

## III. Analysis

Marcantoni alleges that Bernstein and Bealefeld conspired with themselves and others to violate his Fourth Amendment rights. To survive challenge, the Complaint must allege facts sufficient to demonstrate plausibly that Defendants agreed to act in concert and that an overt act was committed in furtherance of the conspiracy, which resulted in deprivation of a constitutional right. *See Hinkle v. City of Clarksburg*, 81 F.3d 416, 421 (4th Cir. 1996). Put simply, the alleged conspiracy, as pleaded, must visit some constitutional injury to the plaintiff. *See Ballinger v. N.C. Agric. Extension Serv.*, 815 F.2d 1001, 1006-07 (4th Cir. 1987).

Marcantoni fails to provide any factual basis to support a conspiracy claim against Defendants Bealefeld and Bernstein. To be sure, Bealefeld and Bernstein entered into a written "agreement" involving the terms of acquiring the Stingray technology. But even most broadly construed, that agreement has nothing to do with Marcantoni's claims. The individual detectives involved in Marcantoni's investigation were employed by Baltimore County, not Baltimore City; and nothing in the Complaint connects either Bernstein or Bealefeld or their respective agencies to the Marcantoni investigation. The claims, therefore, fail as a matter of law.

Marcantoni in his response attempts to expand his Complaint to cover all possible subjects of Stingray technology used as a result of the agreement between Baltimore City Police, the State's Attorney's Office and the FBI. ECF No. 42, p. 4. The Court rejects this attempt. First, a plaintiff cannot amend his complaint through pleadings. *See Mathis v. McDonough*, No. ELH-13-2597, 2014 WL 3894133, at *25 (D. Md. Aug. 7, 2014). Second, a pro se plaintiff cannot represent anyone but himself. *See* Loc. R. 101.1(a) ("Individuals who are parties in civil cases may only represent themselves."). Accordingly, the claims as to Bealefeld and Bernstein are dismissed. A separate Order follows.

Date: 8/16/19                                                                              /S/
                                                                                    Paula Xinis
                                                                                    United States District Judge