IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

Antony J. Marcantoni,

Plaintiff

v.                                              Civil Case No. PX-18-134

POLICE COMMISSIONER FREDERICK H.
BEALEFELD, III,
STATE'S ATTORNEY GREGG L.
BERNSTEIN,
DETECTIVE STEVEN SODD,
DETECTIVE CHRISTOPHER TOLAND,          Judge: Xinis

Defendants

*********************************************************************************************

**PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW
AS TO THE WILLFUL CONSPIRACY TO DEPRIVE RIGHTS GUARANTEED
UNDER THE FOURTH AMENDMENT PURSUANT TO 42 FOURTH SECTION 1983**

NOW COMES, Antony Marcantoni, acting pro se, in the above cited manor as to the pendency of a Complaint for the Conspiracy, to willfully violate right(s) guaranteed by and through the Fourth Amendment by the named defendants (DETECTIVE'S SODD AND TOLAND of the Baltimore County Police Department) via use of a "technological device " (i.e. Cell Site Location Device, AKA " Stingray ") not available for public use, to which was not only misrepresented to the judicial official in it's " request for Order," (as opposed to a warrant), but from the investigation, and subsequent prosecution as a whole, but was in fact employed to SURREPTITIOUSLY gain entry into this Plaintiff's home, and ultimately to seize the person of

1

such and other evidence used in the prosecution against him, thus, intentionally and recklessly violation of the Fourth Amendment as clearly established at the time. See Kyllo V. United States, 533 U.S. -27, 37-40 (2001), and United States V. Hill, 649 F. 3d. 258, 269 (4th Cir. 2011).

Therewith, as to the proceedings in action subsequent, this Plaintiff stands as presented before this Honorable Court in prosecution thereof, and to which these Defendants have not in fact contested the VERIFIED allegations of such, other than a lack luster timeliness defense to which itself was/is untimely, and to which is meritless.

Plaintiff has thereafter placed this Honorable Court and all parties upon notice of subsequent 4th Circuit decision(s) of cases of like manor and has otherwise sought action upon such and is pending before this Court for disposition. (Kerron Andrews V. Baltimore City Police Dep't, No. 18-1953 (4th Cir. -March 27, 2020)

Therewith, Plaintiff presents this PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW and respectfully request that this Court see that the willful violation of rights guaranteed has taken place to which were clearly established at the time, and Plaintiff is timely presented therewith,and respectfully presents such to wit; I. PROPOSED FINDINGS OF FACT AND LAW:  A FACTUAL BASIS IN SUPPORT OF THE WILLFUL VIOLATION OF RIGHTS GUARANTEED  BY AND THROUGH CLEARLY ESTABLISHED 4TH AMENDMENT LAW:

1. As a result of Baltimore County's investigation Plaintiff's home (9 West Biddle St., Baltimore, MD., 21136) was searched by agents of the County of Baltimore, State of Maryland, "without a

valid search warrant," for the crimes of conspiracy and distribution of marijuana. See Case No. 03K10007479

2. That, Plaintiff was first prosecuted thereto as to a criminal action in the State of Maryland, County of Baltimore as to an investigation in to one JACOB HARRYMAN, where agents of the investigation, (i.e. of the County of Baltimore) one's DETECTIVE SODD (#4072), and DETECTIVE TOLAND(# 3932) had employed investigative techniques to include " pen registers," did subpoena records, and wire interceptions upon such. (See Complaint at DKT. # 1, EXHIBIT # 1, Attachment A)

3. Subsequently, the County and state did in fact cede the evidence and investigation to the Federal Government, and the prosecution commenced in the United States District Court for the District of Maryland in criminal case no. RWT-10-777(D. Md. 2010)

4. Plaintiff thereafter secured representation from two different attorney's one, to whom Plaintiff represented in the State prosecution, one HOWARD CARDIN (See id. Complaint at EXHIBIT # 11,and 12), and one former U.S. Attorney STEVEN HALE LEVIN ESQ. id. Compl. at 2).

5. This to where thereafter, Plaintiff continued to inquire into all as to "how it was that these official's discovered his telephone number, and private home," and how it was they gained entry without a valid warrant and therewith DEMANDED that the attorney LEVIN launch an attack on these issues. (id. At 4, and EXHIBIT # 13)6. This whom launched an attack on a meritless issue regarding the original wiretaps of Mr. HARRYMAN. (See id. pgs. 5-7)

7. As Plaintiff was convicted and sentenced in the matter, he did in fact take numerous steps to attack his plea, and plea agreement, including issues regarding the "knowing and intelligent waiver," and to which did in fact continue to make desperate attempts to discover "how it was the investigators discovered information related to his cellular telephone, and his location of his

private home, including ability to make entry into his home absent a valid warrant." (id. Comply. 9-10)

8. Thereafter, Plaintiff discovered that there was such thing as a "Stingray device, "(i.e. a - technological device that is used by law enforcement to invade the privacy of any individual it so saw fit to discover without the knowledge of such and did make the practice of the use of such without valid warrants) (See Compl. at 10, citing United States V. Graham, 796 F. 3d. 332 (4th Cir. 2014). Therewith, coupled with the facts and circumstances of his case thus far, Plaintiff sought the assistance of a post-conviction relief attorney, one, JEREMY GORDON to make the inquiry and make the claims thereafter, as to numerous violations of rights guaranteed. (However, at this point as a prisoner, Plaintiff had not obtained " actual evidence/ notice " that his phone and home was the target of such ) (See id. at 11-12).

9. Nonetheless, around July 17, 2015, I did in fact find from such, that it was discovered by former Defense Attorney CARDIN, that the State of Maryland, County of Baltimore did in fact employ this device in the case against Plaintiff. (See id. 12, and EXHIBIT # 12)10. That too, the Post-conviction relief attorney GORDON also discovered what is known as a "Non-Disclosure Agreement," as to the sale of such device between the maker and law enforcement in the locality. (i.e. Baltimore City Police, including Commissioner and State's Attorney's). This forbade the disclosure to the uses and intricacies of the device, and in the event any one person including defendants in a criminal proceeding was to inquire that the Federal Bureau of Investigation ("FBI") was to be notified, and to which would make a decision to dismiss the criminal case against such would be decided. (See Non-Disclosure Agreement, "NDA" at Compl. pg. 12, EXHIBIT # 1, Att. #-B)

11. As this was "withheld from Plaintiff, and all in the first instance, " it was now that this Plaintiff was put upon notice to which this device was " actually employed " and explained the reasoning to which was inquired before mentioned. (Id. pg. 12, Doc. # 982 ).

12. The claims were presented as to the violation of rights guaranteed under the Sixth Amendment right to the effective assistance of counsel, as to a " Conflict of interest " in regards to Attorney LEVIN loyalties to the U.S. Attorney's Office for the District of Maryland (District of Prosecution) and thus, to the USDOJ and the law enforcement community as a whole in regards to the NDA and the failure of such to place the 4th Amendment claim to a crucible of meaningful adversarial testing and the resulting injury. (id. 13-15)

13. On January 12, 2018, upon dissolution of the proceedings, coupled with the facts and evidence of this willful violation of rights guaranteed by and through the 4th Amendment, including all of the circumstantial evidence. The plaintiff made the presentment of a complaint for the Conspiracy to deprive rights under the 4th Amendment, with all of the before mentioned appended thereto in support of such. (See id. Complaint at DOT. # 1)(Note: all of the facts presented herein this PROPOSED FINDINGS OF FACT AND LAW are taken from said complaint and all attachments and exhibits thereto).

14. On 1-29-2018, this Honorable Court issued it's MEMORANDUM OPINION and ORDER dismissing the Complaint as to the Supreme Court's ideologies in Heck V. Humphrey, 512 U.S. 477 1994)(See DKT. #'s 3 & 4).

15. Plaintiff made a request for reconsideration thereto on 2-20-2018, and was denied on 3-08-2018. See (DKT. #'s 5 & 6).

16. Plaintiff appealed this decision to the Fourth Circuit Court of Appeals, and on 8-16-2018, the Fourth Circuit affirmed in part and vacated in part this Court's decision in the matter and

therewith ordered service upon attorney's thereto. See Marcantoni V. Bealfeld et al. (DKT. #'s 14 & 15 ).

17. At this time the defendants herein SODD and TOLAND did not otherwise respond to the complaint, nor enter an appearance. (DKT. # 22, 9-24-2018) This to which there was additional notice to such.

18. As to such, Plaintiff made a Motion for Default Judgment under Fed. R. Civ. P. 55(a), (DKT. # 35)

19. Come to find out, after the receipt of a copy of the docket sheet in the case, on 1-28-2019, that these official's filed a frivolous " answer to the complaint " back in 11-13-2018 (DKT. # 28) And therewith filed a notice of " Non-Receipt " as to such on 1-28-2019 (DKT. # 44).

20. On February 28, 2019, there was request for status report thereafter, by SODD and TOLAND requesting citing it's " intent to move for summary judgment ' within 60 days.'" (DKT. # 46).

21. On June 14, 2019, after no response " within 60 days, " this Court issued an ORDER to file it's response within 30 days thereto. (DKT. # 49) In which this Court issued .

22. This prompted this Plaintiff to renew the motion for default judgment. (DKT. # 50)

23. It was only then on, 9-19-2019 these official's filed a response to the complaint (i.e a Motion to Dismiss), citing no procedural authority, and not in fact contesting any of the facts in the complaint against them. Citing only that the complaint was "untimely under Maryland law Md. Code Ann. Cts. & Jud. Pro. Section 5-101 and no other authority in support. (DKT. # 54) This to which cited a copy of the original copy of the original answer to the complaint at DKT. # 26, was mailed to this Plaintiff while incarcerated at institution on November 13, 2018. (id. ).

24. Plaintiff quickly filed a Motion to Strike and Reply to the Motion to Dismiss as to the dilatory tactics of these Defendant's and to which made a demonstration of the timeliness under clearly established facts pleaded in the complaint and the law as applied thereto. (DKT. # 56)

25. On October 4, 2019, this Honorable Court denied the motion to strike and motion for default judgment, however, ordered that Plaintiff was GRANTED 28 days to respond to the defendants untimely motion to dismiss. (DKT. # 62).

26. On October 31, 2019, this Plaintiff again replied and made the demonstration of the timeliness and how these Defendant's in fact willfully and intentionally employed a technological device to which was not available to the public to enter the confines of his home and to seize his person, and other evidence without a valid warrant in clear violation of clearly established Supreme Court decisional law in Kyllo V. United States, supra. (See DKT. # 64)

27. Thereafter, several issues regarding the other Defendants in the Fourth Circuit were misunderstood as to the request to hold the appeals in abeyance pending the outcome of this Court's decision in the matters herein of these two detectives to which disposition was not yet made. (See Id. Case No. 19-7349 USCA 4, and 19-7683, Dated 11-19-2019, DKT. # 69).

28. On March 27, 2020, the Fourth Circuit did in fact render its decision regarding the similar decision to which was dismissed before this United States District Court for the District of Maryland, which this Plaintiff did make notice to this Honorable Court as having prior made the comparison as to the Pen Register ORDER (PRO) on the Kerron Andrews case was ruled to be the same as a "Warrant" and then it did in fact request for " Cell Site Location " permission. Id. Andrews V. Baltimore City Police Department, No. CCB-16-2010, 2018 U.S.Dist. LEXIS 129523 * 17 (D. Maryland August 1, 2018) See Motion in Response to Motion to Dismiss at DKT. # 64 And Motion to Strike at DKT. # 56, pg. 6.

29. Therewith, the claims remain pending before this Honorable Court and it is clear under the facts presented, and the clearly established law thereto, that, these official's did in fact make use of a technological device not available for general public use to surreptitiously invade the privacy of this Plaintiff's Home to which was obtained by these defendant's via a reckless omission of material fact to the original Judge to obtain the short order. This act did not in fact make known to anyone involved and certainly not to said judge or this Plaintiff in violation of the Fourth Amendment and this Conclusions of law are requested to be issued therewith, respectfully. B. CONCLUSIONS OF LAW.

30. That, as to the facts presented thereto, in the complaint, that the DEFENDANT'S SODD and TOLAND did in fact make use of a technological device (i.e. a Stingray Device-Cell Site Locator) to invade the privacies of Plaintiff's home between the dates of October 1st 2010 and November 30th, 2010, in violation of clearly established law. See Kyllo V. United States, 533 U.S. 27, 37, 40, 121 S. Ct. 2038, 150 L.Ed. 2d. 94 (2001), see also United States V.-Hill, 649 F. 3d. 258, 269 (4th Cir. 2011), and Guerrero V. Moore, 442 Fed. Appx. 57 , 59 (4th Cir. 2011).

31. That this in Conspiracy to deprive said rights with " others known and unknown as cited in the Complaint. " See Hinkle V. City of Clarksburg, 81 F. 3d. 416, 421 (4th Cir. 1996)(Citing Hafner V. Brown, -983 F. 2d. 570, 577 (4th Cir. 1992)), and Petry V. Wells Fargo Bank, N.A., 597 F. Supp. 2d. 558, 565 (D. Md. 2009).

32. That the claim was in fact presented timely, upon due notice after such was discovered after these Official's and the other's named had recklessly omitted such from not only judges, but, others as well including Plaintiff. See Nasin V. Warden of Maryland House of Corr., 64 F. 3d. 951, 955-56 (4th Cir. 1995)(-Citing United States V. Kubrick, 444 U.S. 111, 122-24, 100 S.Ct. 352, 62 L.Ed. 2d. 259 (1979)), see also Miller V. City of Prince George's County., 475 F. 3d. 621,

627-28 (4th Cir. 2007)(Citing Franks V. Delaware, -438 U.S. 154, 155-56, 98 S.Ct. 2674, 57 L.Ed. 2d. 667 (1978))

33. Thus, these individuals are not immune from this activity in any sense. See Ziglar V. Abbasi, 137 S. Ct. 1843, 1866-67, 198 L.Ed. 2d. 290 (2017), see also Pearson V. Callahan, 555 U.S. 223, 231, 129 S. Ct. 808, 172 L.Ed. 2d. 565 (2009), and Saucier V. Katz, 533 U.S. 194, 121 S.Ct. 2151, 150 L. Ed. 2d. 272 (2001)

34. That these official's (DEFENDANT's) have not contested these facts, other than the meritless timeliness arguments, and have completely abandoned the defense thereto, thus, these facts as measured to the law clearly establish a willful violation of rights guaranteed by and through the Fourth Amendment (4th Amend.). This Honorable Court should so rule therewith, that; On October 25, 2010, Detectives SODD and TOLAND of the Baltimore County Police did in fact obtain permission to receive a "Short Order" for a " Pen Register," and subpoena for a " Line J" (240-319-6579) to which belonged to this Plaintiff. With the presentment of a reckless omission of facts to a Circuit Court Judge for Baltimore County, one Judge Sherrie Bailey to which thereafter made use of a "technological device to which was not available for general public use," to track the "real time location of Plaintiff into his home" and thereafter entered this residence, without any valid search warrant(s). (See Compl. at 3, EXH.# 1, Attachment A) These official's did so in collusion and therewith, with others, known and unknown, willfully in violation of clearly established law in Kyllo V. United States (2001), to which clearly and unambiguously required a " warrant, " as opposed to an ORDER, and did not thereafter make know these facts. Furthermore, these officials continue to this day refuse to disclose and otherwise atone for this surreptitious invasion of rights guaranteed and are thus, liable for the violation of rights guaranteed under the Fourth Amendment, this Court should so Order. That these facts did not become available to this Plaintiff until the presentment of the

declaration of one Attorney HOWARD CARDIN July 17th, 2015. (See Compl. at EXH. # 12) and after diligent efforts to seek redress thereafter, did in fact make the presentment of the claims under 42 U.S.C. Section1983 January 18, 2018, (DKT. # 1, Complaint) and was thus timely filed under the "3 year time constraints" under the requirements of Maryland law. See Owens V. Baltimore City State's Attorney's Office, 767 F. 3d. -379, 388-89 (4th Cir. 2014)

II. CONCLUSION:

THEREFORE, Plaintiff respectfully requests that this Honorable Court deny the Defendant's Motion for Dismissal, and make ORDER for these "FINDINGS OF FACT AND CONCLUSIONS OF LAW" that these DEFENDANT's (Detective's SODD and TOLAND) did in fact willfully, recklessly, and surreptitiously invade the privacy of this plaintiff in violation of the Fourth Amendment by use of a technological device to which was/is not available for general public use without a valid warrant. These people are liable under 42 U.S.C. Section 1983 (1985) for such, respectfully.

Respectfully,

_____  Date: 5/22/20
PLAINTIFF, PRO SE,
Antony Marcantoni
12400 Owings Mills Blvd.
Suite A
Reisterstown Md. 21136

CERTIFICATE OF SERVICE:

That I, Antony Marcantoni, do hereby swear and affirm that I did mail a true and correct copy of this Reply to Defendant's Motion to dismiss to the Defendant's, by placing such into the U.S. Mail, postage, pre-paid, on this 22nd day of May, 2020, and addressed as follows:

Defendant
Detective Steven Sodd
Defendant Detective Toland

LEAD ATTORNEY ATTORNEY TO BE NOTICED
Michael George Raimondi Baltimore County Office of Law
400 Washington Avenue
Suite 219
Towson, MD 21204

Respectfully,

Antony J Marcantoni
PLAINTIFF, PRO SE
12400 Owings Mills Blvd.
Suite A
Reisterstown, MD. 21136