# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ANTHONY MARCANTONI, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. PX-18-134 |
| DETECTIVE STEVEN SODD and DETECTIVE CHRISTOPHER TOLAND, | * | |
| | * | |
| Defendants. | | |

***

## MEMORANDUM OPINION

Anthony Marcantoni brings this action pursuant to 18 U.S.C. § 1983 against Baltimore County Detectives Steven Sodd and Christopher Toland (collectively, the "County Defendants"), challenging their warrantless use of a cell-site locator called a "Stingray," in violation of his Fourth Amendment right to be free from unreasonable searches and seizures. ECF No. 1. The County Defendants have moved to dismiss the Complaint, ECF Nos. 54, 83,0[1] while Marcantoni has filed a Motion for Default Judgment, ECF No. 61, and Motion for Judgment on the Pleadings, ECF No. 77. Also pending are Marcantoni's Motion to File Electronically, ECF No. 65, and Motion to Take Judicial Notice of the Fourth Circuit's decision in *Kerron Andrews v. Baltimore City Police Dep't*, No. 18-1953 (4th Cir. March 27, 2020), ECF No. 75. The motions are now ripe for review, with no need for a hearing. *See* Loc. R. 105.6.

For the reasons that follow, the Court will deny the County Defendants' Motion to Dismiss, as well as Marcantoni's Motion for Default Judgment. Marcantoni's Motion for Judgment on the Pleadings shall be denied without prejudice. Marcantoni's Motion to Take Judicial Notice is

---

[1] On January 21, 2021, the County Defendants moved for an extension of time to file an Amended Motion to Dismiss. ECF No. 81. On February 26, 2021, they opted instead to file a Supplemental Motion to Dismiss, ECF No. 83, to which Marcantoni was granted the opportunity to respond, ECF No. 84. The County Defendants' Motion for Extension of Time to file an Amended Motion shall thus be denied as moot.

granted, and the Court will appoint pro bono counsel to represent him.  Because Marcantoni will have counsel going forward, his Motion to File Electronically will be denied as moot.

**I.      Background**

This case stems from Marcantoni's involvement in a multi-defendant criminal narcotics conspiracy for which he was prosecuted in this Court.  There, as here, Marcantoni challenged the BPD's use of Stingray technology to locate his cell phone, leading to his arrest and seizure of incriminating evidence.  ECF No. 51 at 2.  The Court denied Marcantoni's motion to suppress evidence based on use of the Stingray, after which Marcantoni pleaded guilty to conspiracy to distribute and possess with the intent to distribute 1000 kilograms or more of marijuana.  *See United States v. Marcantoni*, Crim. Case No. RWT-10-777, ECF No. 83-14.  Marcantoni unsuccessfully appealed the Court's denial of his suppression motion.  *See* Notice of Appeal, ECF No. 83-15; *United States v. Marcantoni*, No. 12-5044 (4th Cir. 2014).

Marcantoni next collaterally attacked his conviction, arguing that trial counsel rendered ineffective assistance "in failing to seek suppression of wiretap evidence on the grounds that the Government found the wiretapped line through the warrantless use of a cell site simulator." *Marcantoni*, Crim. Case No. RWT-10-777 at ECF Nos. 982, 1050.  Once again, the Court denied Marcantoni relief, *id.* at ECF No. 1050, and the Fourth Circuit dismissed the appeal. *United States v. Marcantoni*, No. 16-7070 (4th Cir. 2016).

Thereafter, Marcantoni filed this civil suit.  ECF No. 1. This Court dismissed the Complaint, concluding that it was barred by *Heck v. Humphrey*, 512 U.S. 477, 487 (1994), because the criminal conviction had not been vacated or otherwise invalidated.  ECF Nos. 3, 4.  On Appeal, the Fourth Circuit reversed, concluding that Marcantoni's Complaint was not barred by *Heck* because "the claimed Fourth Amendment violation does not necessarily imply the invalidity of

2

Marcantoni's criminal conviction. Marcantoni pleaded guilty to the charge and in his complaint does not assert facts inconsistent with guilt." ECF No. 14-1 at 3. The Fourth Circuit affirmed this Court's judgment insofar as it dismissed private actor Defendants from the suit, and it vacated the order with respect to the remaining Defendants and remanded the case for further proceedings. *Id.* at 4.

On remand, the County Defendants moved to dismiss the Complaint. ECF Nos. 54, 83. Marcantoni, in response, argued that this Court should take judicial notice of the Fourth Circuit's decision in *Andrews v. Baltimore City Police Dep't*, 8 F.4th 234 (4th Cir. 2020), issued after his case had been remanded. Marcantoni maintains that *Andrews* is "virtually on all fours" with the Stingray issue raised in this matter. ECF No. 75 at 1.

The Court agrees with Marcantoni that *Andrews* provides important guidance here. In *Andrews*, the Plaintiff pursued civil remedies under § 1983, arguing that the Baltimore Police Department ("BPD")'s warrantless use of a cell site simulator violated his Fourth Amendment rights. 8 F.4th at 235. The District Court dismissed the action on the grounds that the pen register order constituted sufficient judicial authorization to permit use of the cell site simulator. *Id.* at 235-36 (citing *Andrews v. Baltimore City Police Dep't*, Civil No. CCB-16-2010, 2018 WL 3649602, at *10 (D. Md. Aug. 1, 2018)). The Fourth Circuit disagreed, reasoning that the record below did not sufficiently describe "the degree of intrusion onto constitutionally protected areas that occurred as a result of the [cell site] simulator's use." *Id.* at 236. The Court emphasized that the Supreme Court directs federal courts to "take special care in evaluating the reach of new technologies into protected areas," and so "[a]bsent a more detailed understanding of the [cell site] simulator's configuration and surveillance capabilities, we cannot address the issues necessary for resolution of this case." *Id.* at 237, 238 (citing *Carpenter v. United States*, 138 S. Ct. 2206, 2223

(2018)). Thus, the Fourth Circuit remanded the matter for resolution of the relevant "factual issues" and "if necessary, [to] provide updated conclusions of law as to whether the [cell site] simulator's use was a constitutional violation." *Id.* at 238.

The Fourth Circuit specifically directed that discovery cover the following aspects of the cell site simulator:

(1) The maximum range at which the [cell site] simulator can force nearby cellular devices to connect to it.

(2) The maximum number of cellular devices from which the [cell site] simulator can force a connection.

(3) All categories of data the [cell site] simulator may collect from a cellular device, regardless of whether such data is displayed to the [cell site] simulator's operator in the course of locating a target phone, including by way of example and without limitation: cellular device identifiers (such as international mobile equipment identity ("IMEI") numbers, international mobile subscriber identity ("IMSI") numbers, and electronic serial numbers ("ESN")); metadata about cellular device operations (such as numbers dialed or texted, or webpages visited); and, most especially, the content of voice or video calls, text messages, emails, and application data.

(4) What data in (3) may be stored by the [cell site] simulator.

(5) What data in (4) are accessible by law enforcement officers.

(6) All means by which the [cell site] simulator was configured to minimize data collection from third party cellular devices not belonging to Andrews.

*Id.* The Fourth Circuit also directed inquiry into whether the BPD had "any formal or informal policies, practices, or procedures that prevented BPD officers seeking a warrant or pen register/trap and trace order from stating to the reviewing magistrate that a cell site simulator would be used" and the time the pen register order issued. *Id.* On remand, the parties in *Andrews* commenced discovery, which is ongoing. *See Andrews v. Baltimore City Police Dep't*, Civil No. CCB-16-2010.

With this history in mind, the Court turns to the County Defendants' motion to dismiss.

## II. Standard of Review

When reviewing a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court accepts the well-pleaded allegations as true and most favorably to the plaintiff. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." *Migdal v. Rowe Price-Fleming Int'l Inc.*, 248 F.3d 321, 325-26 (4th Cir. 2001); *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002) (stating that a complaint need only satisfy the "simplified pleading standard" of Rule 8(a)). "However, conclusory statements or a 'formulaic recitation of the elements of a cause of action will not [suffice].'" *EEOC v. Performance Food Grp., Inc.*, 16 F. Supp. 3d 584, 588 (D. Md. 2014) (quoting *Twombly*, 550 U.S. at 555). Nonetheless, the complaint does not need "detailed factual allegations" to survive a motion to dismiss. *Twombly*, 550 U.S. at 555. Instead, it need only "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "A court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are not more than conclusions, are not entitled to the assumption of truth." *Id.* at 665.

## III. Discussion

The Court begins with the County Defendants' contention that Marcantoni is estopped from challenging the constitutionality of the BPD's use of the Stingray because the Court had rejected a similar argument in the criminal case. ECF No. 83-1 at 7-8.[2] The County Defendants

---

[2] The County Defendants also attempt to resurrect whether *Heck* bars this litigation. ECF No. 83-1 at 7. As

notably highlight that, as in *Andrews*, they had obtained a pen register order authorizing the use of the Stingray. *Id.* at 9-10. But the Court in the criminal matter did not have the benefit of *Andrews* or the Supreme Court precedent which guided the *Andrews* Court. *See generally Andrews*, 8 F.4th 234; *see also Carpenter*, 138 S. Ct. 2206. The County Defendants do not address at all the implications of *Andrews*[3] even though it is clearly relevant to this § 1983 dispute.[4]

More fundamentally, little daylight shines between *Andrews* and Marcantoni's suit. The Court sees no basis to deviate from Fourth Circuit's remand instructions in *Andrews*. Thus, the Court denies the County Defendants' motion to dismiss. Additionally, because Marcantoni brings this suit *in forma pauperis*, it would be difficult, if not impossible, for him to engage in discovery without the assistance of counsel. *See* ECF Nos. 2, 4. Thus, counsel shall be appointed to represent him. *See* 28 U.S.C. § 1915(e)(1) (the Court may request an attorney to represent any person proceeding in forma pauperis who is unable to afford counsel); *see also Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975) (stating that courts appoint counsel only in exceptional circumstances). Following appointment, counsel for Marcantoni shall promptly review the pleadings and engage in a good faith meet-and-confer regarding a mutually agreeable deadlines and further scheduling

---

Marcantoni correctly points out, the Fourth Circuit has already decided this matter in his favor. ECF No. 87 at 3. This Court must honor that decision going forward. *See L.J. v. Wilbon*, 633 F.3d 297, 308 (4th Cir. 2011) (*quoting TFWS, Inc. v. Franchot*, 572 F.3d 186, 191 (4th Cir. 2009)). The Court denies dismissal on this ground.

[3] Oddly, the County Defendant cite liberally to the District Court opinion in *Andrews*, *e.g.* ECF No. 83-1, but do not discuss the Fourth Circuit's remand decision.

[4] The timing of the *Andrews* decision may be relevant to any qualified immunity defense. That said, and mindful of Defendants' position that qualified immunity mandates dismissal now, ECF No. 83-1 at 11, the Court is reluctant to reach the question without full factual development on the known level of intrusiveness of the Stingray technology per *Andrews*. 8 F.4th at 238 ("Despite the government's use of a sophisticated, wide-reaching, and hard-to-detect new surveillance tool—one with potentially significant implications for constitutional privacy—we know very little about how many searches it conducted, of whom, and what data it collected and stored. We thus cannot strike the appropriate balance between the public interest and the individual's right to personal security free from arbitrary interference by law officers that is central to the Fourth Amendment analysis.") (internal quotation marks and citations omitted). The County Defendants are free to revisit the qualified immunity defense at the close of discovery.

of the progress of this case. Within 21 days from appointment, the parties shall file a joint written status report to include a proposed scheduling order for the Court's review.

    A separate Order follows.

| 4/26/22 | /S/ |
|---|---|
| Date | Paula Xinis<br>United States District Judge |