UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ANTHONY MARCANTONI,     *
                            *
       Plaintiff,           *
  v.                           *
                            *    Civil Action No.: 8:18-CV-00134
                            *
POLICE COMMISSIONER     *
FREDERICK H. BEALEFELD, et al., *
                            *
       Defendants         *
\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**REPLY IN FURTHER SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Defendants, by and through their undersigned counsel, submit this reply in further support of their motion for summary judgment.

**ARGUMENT**

**I. PLAINTIFF STILL CANNOT OFFER EVEN ONE CASE STATING THAT USING A CELL SITE SIMULATOR TO OBTAIN A CELLPHONE'S SERIAL NUMBER IS A FOURTH AMENDMENT SEARCH.**

Defendants stated in their memorandum in support of their motion for summary judgment: "Despite this litigation being about whether the use of cell site simulator to obtain a cellphone's serial number violates the Fourth Amendment,[1] Plaintiff offers not one case supporting his assertion that such use of the device is even a search, let alone a search violating the Fourth Amendment." (ECF No. 117-1 at 5–6.) Given the chance to provide any case law whatsoever to refute this assertion, Plaintiff offers

---

[1] ECF No. 115-1 at 16.

nothing, instead relying on arguments that would be at home in a policy statement or a law review article or even a challenge to evidence in a criminal case.

Plaintiff's only attempt to provide this Court with any case law is the statement that "Federal courts have already determined that CSS technology implicates 'individuals' reasonable expectation of privacy in information about constitutionally protected areas that otherwise could not be obtained without a search warrant,'" citing and quoting one single federal case, a district court opinion from the District of Columbia, *In re Use of a Cell-Site Simulator to Locate a Cellular Device*, 531 F.Supp. 3d 1(D.D.C. 2021). (ECF No. 118 at 9.) But that case, like every other case cited by Plaintiff either in opposition to Defendant's motion or in support of Plaintiff's motion for summary judgment, is not about what was done here: use the device to merely obtain a cellphone's serial number. Instead, it was about "us[ing]a cell-site simulator for 30 days in an effort to locate a specified cellphone number associated with a fugitive." 531 F. Supp. 3d at 3.

Plaintiff attempts to salvage this absence of any supporting authority by first spending two paragraphs (ECF No. 118 at 3–4) explaining that "courts have found that concern lies in the fact that CSS devices reveal information about many persons other than the suspects at issue" and that "this warrantless use of technology also led to the identification of phones belonging to others that were then wiretapped and resulted in the collection of information further implicating Plaintiff in the crimes

2

being investigated." (ECF No. 118 at 9–10.)[2] But these concerns are not relevant to determining liability based on what actually happened in this litigation and Plaintiff does not cite any legal authority to the contrary.

Plaintiff also claims, with no citation to the record, that the device "was used to identify personal property in Plaintiff's possession, seize that property and search it for unique identifying information." (ECF No. 118 at 10. Not only is this assertion unsupported by the record (Plaintiff does not cite the record), it is false. The device was used for nothing more than to identify Plaintiff's telephone. (ECF No. 117 at 4.) Further evidence was obtained, not by the device, but through a wiretap (as Plaintiff himself asserts)[3] and a search and seizure warrant. (Ex. A.)[4]

Plaintiff then spends the better part of six pages (ECF No. 188 at 4–9) complaining that "Defendants"[5] did not tell the state court judge who approved the

---

[2] What was done to others, even if true, is also irrelevant to whether Defendants have liability in this case. This is not a class action and Plaintiff lacks standing to "rest his claim to relief on the legal rights or interests of third parties." *Warth v. Seldin*, 422 U.S. 490, 498–99 (1975).  And as to the Fourth Amendment in particular, in *Rakas v. Illinois*, 439 U.S. 128, 140 (1978) the Supreme Court recognized its "long history of insistence that Fourth Amendment rights are personal in nature." *See also Howerton v. Fletcher*, 213 F.3d 171, 173–74 (4th Cir. 2000) ("to recognize the risk posed to third parties by the official use of force as a component of the excessive force inquiry would be, in effect … to afford the section 1983 plaintiff standing to seek and obtain relief for the unreasonable use of force against third parties").

[3] "It is clear from these documents that the use of CSS technology led to wiretaps of phones in the possession of specific targets. The information from these wiretaps were then used to develop the case against Plaintiff." (ECF No, 118 n.12.)

[4] Defendant also conceded in the criminal case that search warrants were used to seize his property and that a wiretap was used to monitor phone conversations. *See United States v. Marcantoni*, 8:10-cr-00777-DKC, ECF No. 996 at 11.

[5] Plaintiff cites no support in the record that *both* Defendants were involved in obtaining the court order authorizing the device. *See infra* p. 5.

use of the device that the device was called a cell site simulator and did not tell the judge everything about how this device operates or what it is capable of. But Plaintiff never explains why this is relevant to determining the liability of these two Defendants. Plaintiff even implicitly admits the academic nature of the discussion with a footnote: "As an aside, one does not need a case directly on point to know that concealing information from a judge … to utilize [cell site simulator] technology to investigate the Plaintiff is wrong." (ECF No. 118 at 9 n.31.) Right or wrong is not the standard for liability; it is a standard for policy makers, professors and philosophers to debate. Tellingly, Plaintiff cites no case law or any other legal authority to support the notion that merely withholding information from a judge to obtain a search warrant or other authorization to conduct a search violates the Fourth Amendment, and Defendants are unaware of any. Misleading a magistrate to authorize a search or seizure is only relevant if the search or seizure *itself* violates the Fourth Amendment. *See Miller v. Prince George's Cnty., MD*, 475 F.3d 621, 628 (4th Cir. 2007) ("in order to violate the Constitution, the false statements or omissions must be 'material,' that is, 'necessary to the [neutral and disinterested magistrate's] finding of probable cause.'") (quoting *Franks v. Delaware*, 438 U.S. 154, 155–156 (1978)). If one takes away the deception and the search itself is constitutional then the deception is irrelevant. *See Miller*, 475 F.3d at 628 ("If the "corrected" warrant affidavit establishes probable cause, no civil liability lies against the officer."). And Plaintiff points to no case law whatsoever stating that the use of cell site simulator to obtain a phone number—which is all that was done here— is even a search under the Fourth

Amendment, let alone an unreasonable search that violates the Fourth Amendment. Therefore what a judge knew or didn't know is irrelevant to determining liability for the use of the device.

### II. PLAINTIFF HAS CONCEDED THE ARGUMENT THAT NEITHER DEFENDANT VIOLATED THE FOURTH AMENDMENT BECAUSE NEITHER USED THE DEVICE.

As Defendants have explained, even if the use of a cell simulator to acquire a serial number were a search under the Fourth Amendment, neither Detective Sodd nor Detective Toland used the device (ECF No. 115-6 at 119; ECF No. 115-7 at 50) and are thus entitled to judgment on this additional ground. Plaintiff has not responded to this argument. Accordingly, Plaintiff has conceded the argument and Defendants are entitled to judgment on this ground. *See, e.g.*, *Jeffries v. Berk Family Tr.*, No. GJH-20-365, 2022 WL 214038, at *4 (D. Md. Jan. 25, 2022) ("Plaintiff's Opposition ignores Defendant's statute of limitations argument and fails to address the issue. … In failing to respond, she has conceded that her negligence claim is time barred."); *McRae v. Westcor Land Title Ins.,* No. RWT-16-2332, 2017 WL 1239682, at *3 (D. Md. Mar. 17, 2017) (by failing to respond to argument in a dispositive motion, a plaintiff concedes her claim); *Stenlund v. Marriott Int'l, Inc.*, 172 F. Supp. 3d 874, 887 (D. Md. 2016) ("In failing to respond to [defendant's] argument, Plaintiff concedes the point."). Defendants also pointed out that Detective Toland not only did not use the device he had no involvement in obtaining the court order authorizing the use of the device. (ECF No. 117 at 20.) He therefore could not have done anything to violate the Fourth Amendment. Plaintiff has no response and thus concedes this argument as well.

### III. PLAINTIFF MAKES NO CREDIBLE ATTEMPT TO ARGUE AGAINST QUALIFIED IMMUNITY.

As Defendants asserted, "Qualified immunity attaches when an official's conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *White v. Pauly*, 137 S.Ct. 548, 551 (2017) (per curiam) (internal quotation marks omitted). (ECF No. 117 at 21.) Plaintiff concedes as much and then asserts that "courts examine cases of controlling authority in the relevant jurisdiction—that is, decisions of the Supreme Court, this court of appeals, and the highest court of the state in which the case arose." (ECF No. 118 at 12.) (internal quotation and citations omitted). Plaintiff then proceeds to cite no such cases showing that the use of a cell site simulator to obtain a cellphone number is a search violating the Fourth Amendment; Plaintiff cites no cases at all in his entire "argument" against qualified immunity. Plaintiff does not even respond to Defendants' argument that it was not clearly established that using a cell site simulator as it was used in this case would violate the Fourth Amendment, thus conceding the argument. Plaintiff instead characterizes Defendants' "actions" as "presenting information known to the Defendants to be incomplete and incorrect" with no mention at all of how the device was actually used in this case. (ECF No. 118 at 12.) But, as explained above, merely providing "incomplete and incorrect" information to a judge does not violate the Fourth Amendment, in the absence of a search or seizure violating the Fourth Amendment. Therefore it cannot be clearly established that withholding information alone violates the Fourth Amendment.

## CONCLUSION

This litigation is a civil action for damages alleging a violation of the Fourth Amendment. It is not part of a criminal case seeking to suppress evidence obtained in violation of the Fourth Amendment or seeking to overturn a criminal conviction and it is not a class action. The only question at issue is whether what was actually done in this case—using a cell site simulator to obtain the serial number of a phone—violates the Plaintiff's rights under Fourth Amendment. On that score, Plaintiff has nothing substantive to say. For the reasons stated, judgment should be entered in favor of Defendants.

Respectfully submitted,

/s/
BRADLEY J. NEITZEL (Bar No.26787)
Assistant County Attorney
bneitzel@baltimorecountymd.gov
Baltimore County Office of Law
400 Washington Avenue
Towson, Maryland 21204
(410) 887-4420
Attorney for Defendants